IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | |
| **vs.** ) | **CRIM. ACTION NO. 04-00197-02-CG** |
| ) | |
| **RODERICK D. WILLIAMS,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

This cause is before the court on defendant's motion to dismiss for selective prosecution and the government's response. (Docs. 61, 64). The motion is due to be denied.

Defendant moves to dismiss the indictment because he, an African-American male, was indicted in October 2004, while Shayne Godwin, a white male, was not indicted until February 2005. (Doc. 61). Defendant further alleges that he requested his previous defense counsel, Andrew Jones, to pursue an argument of selective prosecution. Id. Defendant asserts that Mr. Jones refused to pursue this strategy and revealed defendant's legal strategy to the government, which resulted in Mr. Godwin's indictment. Id. Mr. Jones disputes this contention. Id., Ex. B.

Defendant has cited no cases, and the court has found none, in which a defendant prevailed on (or even pursued) a theory of selective prosecution on the grounds that a similarly situated individual was indicted subsequent to the movant's indictment. In order to establish a case of selective prosecution, a defendant must show by clear and convincing evidence that similarly situated individuals

were not prosecuted, and that the difference in treatment, or selectivity of the prosecution, was motivated by an unconstitutional discriminatory purpose. U.S. v. Armstrong, 517 U.S. 456, at 465, 116 S.Ct. 1480 at 1486-87 (1996).  Because a prima facie selective prosecution claim requires a similarly situated individual who is not prosecuted, defendant's motion is without merit on this ground alone .  See, e.g., United States v. Smith, 231 F.3d 800 (11th Cir. 2000).

Even if Mr. Godwin had not been prosecuted, defendant's motion would still be due to be denied.  There is uncontroverted evidence on the record, in the form of an affidavit from Special Agent Alan Ducote, showing that Mr. Godwin was not a source of supply in the drug community and that he was subordinate to defendant in the drug hierarchy.  (Doc. 64, Ex. 1).  Special Agent Ducote's affidavit represents that Mr. Godwin could not purchase drugs directly from defendant, but was required to go through defendant's former co-defendant, Jeff Jones.[1]  Id.

"[A] defendant fails to satisfy the 'similarly situated' prong of the selective prosecution defense when those not prosecuted cooperated with the government, or **were lower in the organizational structure of the conspiracy than those prosecuted, and when the defendant offers nothing but bare general allegations that the selectivity was motivated by racial considerations**." United States v. Silien, 825 F.2d 320, 322 (11th Cir. 1987) (emphasis added and citations omitted).  Defendant has not refuted the government's evidence indicating that Mr. Godwin was clearly subordinate to defendant in the alleged drug conspiracy, nor has defendant offered anything but bare and general allegations that the alleged selectivity was motivated by racial considerations.  Accordingly,

---

[1] Mr. Jones pleaded guilty to count three of the superseding indictment, a charge of conspiracy to possess with intent to distribute methamphetamine, on December 16, 2004.  (Doc. 28).

2

the motion to dismiss on the grounds of selection prosecution is **DENIED**.

    **DONE and ORDERED** this 20th day of April, 2005.

                                      /s/ Callie V. S. Granade
                                      CHIEF UNITED STATES DISTRICT JUDGE