IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) |
| vs. | ) CRIMINAL NO. 04-00197-CG |
| | ) |
| RODERICK D. WILLIAMS, | ) |
| | ) |
| Defendant. | ) |

### ORDER

This matter is before the court on defendant's motion for arresting judgment and the government's response. (Docs. 98, 100). The defendant renews his arguments that this court lacked jurisdiction over this matter and, apparently for the same reasons, that the indictment was facially deficient. The government contends that the motion is untimely and therefore due to be denied. The motion is timely but without merit and is therefore due to be denied.

I.   Timeliness

Under FED.R.CRIM.P. 34(b) a defendant "must move to arrest judgment within 7 days after the court accepts a verdict". The court accepted the jury's guilty verdict in this case on April 28, 2005. (Doc. 89). Under FED.R.CRIM.P. 45(a) the day the court accepted the jury's verdict is excluded from the court's computation of the seven-day period, as are Saturdays and Sundays that fall within the period. Accordingly, defendant had until May 10, 2005, to file his motion to arrest judgment, and the filing on May 6, 2005, was timely.

II.   Merits

Defendant's motion for arresting judgment "is based upon the fact that the Southern District of

Alabama had no jurisdiction to try Mr. Williams and further, the Indictment, as written, did not charge an offense punishable under the laws of the United States." (Doc. 98).  Defendant's motion confuses venue with jurisdiction.  "[V]enue, relating to the convenience of the litigants, is quite different from jurisdiction, relating to the power of a court to adjudicate".  Denver & R. G. W. R. Co. v. Brotherhood of R. R. Trainmen, 387 U.S. 556, 569 (1967).

Though, as defendant correctly states, the majority of the witnesses to this case reside in Atlanta, Georgia, and the defendant himself is a resident of Atlanta, Georgia, defendant's criminal activities extended to the Southern District of Alabama and therefore gave this court jurisdiction to consider the matter.[1]  This court had jurisdiction to hear the matter, venue was proper, and therefore defendant's argument that this court was without jurisdiction and that the indictment was accordingly facially deficient is without merit.

**DONE and ORDERED** this 10th day of May, 2005.

    /s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] 18 U.S.C. § 3237(a) provides in pertinent part: "Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, **or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued or completed** ....".  The jury specifically found that defendant continued his offense in this district.  Accordingly, pursuant to 18 U.S.C. § 3237(a), venue properly lay in the Southern District of Alabama.